UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SHERETTA BAILEY, | Civil Action No. 2:13-cv-10377 |
| Plaintiff, | District Judge Nancy G. Edmunds |
| v. | Magistrate David R. Grand |
| EQUIFAX INFORMATION SERVICES LLC ;<br>AMERICAN EXPRESS COMPANY; and<br>BANK OF AMERICA NA, | |
| Defendants. | |

---

| | |
|---|---|
| GARY D. NITZKIN (P41155)<br>NITZKIN & ASSOCIATES<br>22142 West Nine Mile Road<br>Southfield, MI 48034<br>(248) 353-2882<br>Email: gnitzkin@creditor-law.com<br>*Attorney for Plaintiff* | CLARK HILL PLC<br>Jordan S. Bolton (P66309)<br>500 Woodward Avenue, Ste. 3500<br>Detroit, MI  48226-3435<br>(313) 965-8300<br>Email: JBolton@clarkhill.com<br>*Attorney for Equifax Information<br>Services LLC* |

---

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Equifax Information Services LLC ("Equifax") moves, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings.  The motion should be granted and all claims against Equifax dismissed.

This 29th day of April, 2013.

        Respectfully submitted,

        CLARK HILL PLC

        By: /s/Jordan S. Bolton
        Jordan S. Bolton (P66309)
        500 Woodward Avenue, Ste. 3500
        Detroit, MI  48226-3435
        Tel:  (313) 965-8300
        jbolton@clarkhill.com
        Attys for Equifax Information Services LLC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SHERETTA BAILEY, | Civil Action No. 2:13-cv-10377 |
| Plaintiff, | District Judge Nancy G. Edmunds |
| v. | Magistrate David R. Grand |
| EQUIFAX INFORMATION SERVICES LLC ; AMERICAN EXPRESS COMPANY; and BANK OF AMERICA NA, | |
| Defendants. | |

---

| | |
|---|---|
| GARY D. NITZKIN (P41155)<br>NITZKIN & ASSOCIATES<br>22142 West Nine Mile Road<br>Southfield, MI 48034<br>(248) 353-2882<br>Email: gnitzkin@creditor-law.com<br>*Attorney for Plaintiff* | CLARK HILL PLC<br>Jordan S. Bolton (P66309)<br>500 Woodward Avenue, Ste. 3500<br>Detroit, MI  48226-3435<br>(313) 965-8300<br>Email: JBolton@clarkhill.com<br>*Attorney for Equifax Information Services LLC* |

---

**BRIEF IN SUPPORT OF DEFENDANT
EQUIFAX INFORMATION SERVICES LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Equifax Information Services LLC ("Equifax") submits this brief in support of its Motion for Judgment on the Pleadings.  Because Plaintiff cannot state a claim against Equifax, the motion should be granted.

statement of the issue

Whether Plaintiff can maintain a claim against Equifax under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, where Plaintiff admits that the information Equifax reported regarding her was accurate.

9038507.1 19933/158819

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Statutes**

    15 U.S.C. § 1681e(b)

    15 U.S.C. § 1681i(a)

**Rules**

    Federal Rule of Civil Procedure 12(c)

**Cases**

    *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991)

    *Dickens v. Trans Union Corp.*, 18 Fed. Appx. 315 (6th Cir. 2001)

    *Elsady v. Rapid Global Bus. Solutions, Inc.*,
        No. 09-11659, 2010 WL 2740154 (E.D. Mich. July 12, 2010)

    *Nelski v. Trans Union LLC*, 86 Fed. Appx. 840 (6th Cir. 2004)

    *Spence v. TRW, Inc.*, 92 F.3d 380 (6th Cir. 1996)

# INTRODUCTION

Plaintiff brings two claims against Equifax under the FCRA.  Both claims stem from Equifax's inclusion of two credit card accounts in Plaintiff's credit file, for which she is an authorized user.  (*See* Doc. 1 ¶¶ 6-7.)  Plaintiff has no personal responsibility for payment of the accounts.  (*Id*. ¶ 7.)  She contends that the accounts should not be in her credit file.  (*See id.* ¶¶ 8, 11-12.)  Plaintiff admits, however, that Equifax listed her as an authorized user for both accounts, not as a responsible party.  (*Id*. ¶¶ 11-12.)  Given that the FCRA does not prohibit inclusion of authorized-user information in consumer credit files, Plaintiff cannot maintain her claims against Equifax.  Accordingly, Plaintiff's complaint against Equifax should be dismissed.

# ARGUMENT AND CITATION TO AUTHORITY

Motions for judgment on the pleadings under Rule 12(c) are reviewed under the same standard used for motions to dismiss under Rule 12(b)(6).  *See EEOC v. J.H. Routh Packing Co*., 246 F.3d 850, 851 (6th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The purpose of a motion to dismiss is to test the legal sufficiency of the complaint without being subject to discovery.  *See Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 566 (6th Cir. 2003).

Plaintiff purports to sue Equifax under two provisions of the FCRA.  The first requires consumer reporting agencies such as Equifax, when preparing consumer reports, to "follow reasonable procedures to assure maximum possible accuracy" of the reported information.  15 U.S.C. § 1681e(b).  The second provision requires consumer reporting

1

agencies, upon receipt of a dispute from a consumer regarding information in a consumer credit file, to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).

"In order to assert a claim under § 1681e(b), a plaintiff must prove: (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Nelski v. Trans Union, LLC*, 86 Fed. Appx. 840, 844 (6th Cir. 2004). "A showing of inaccuracy is an essential element of a claim under" § 1681e(b). *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996); *accord Dickens v. Trans Union Corp.*, 18 Fed. Appx. 315, 317 (6th Cir. 2001).

Likewise, this Court has held that a showing of inaccuracy is required for a claim under § 1681i(a). *See Elsady v. Rapid Global Bus. Solutions, Inc.*, No. 09-11659, 2010 WL 2740154, **8, 10 (E.D. Mich. July 12, 2010) (granting summary judgment on § 1681i claim against a furnisher of information based on accuracy); *McKinney v. Trans Union, LLC*, No. 09-11947, 2010 WL 374103, **3-4 (E.D. Mich. Jan. 25, 2010) (Report and Recommendation adopted, Doc. 23). Numerous other courts have held similarly. *See*, *e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008); *Kuehling v. Trans Union, LLC*, 137 Fed. Appx. 904, 908 (7th Cir. 2005); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991); *Wickstrom v. Experian*, 2010 WL 2651303, *5 (W.D. Mich. July 1, 2010) (citing *DeAndrade*).

In *Elsady*, this Court considered a claim against the plaintiff's former employer, who allegedly had provided inaccurate information regarding the plaintiff to a consumer reporting agency. The employer initially and incorrectly reported that the plaintiff had been discharged and was not eligible for rehire. *See Elsady*, 2010 WL 2740154, *1. Subsequently, the employer amended the report by deleting information regarding discharge and eligibility for rehire, and stating that the plaintiff had been laid-off. *See id.*, *8. The amended report was the relevant report for purposes of the plaintiff's claim under § 1681i. The plaintiff claimed that the amended report was inaccurate because it did not state that he was eligible for rehire or that his "overall performance [was] in good standing." *Id.*, *2. This Court granted summary judgment in favor of the employer because the information the employer provided was accurate. *Id.*, *10. "At most, the FCRA provides consumers with a right to reports that are accurate and not misleading. It does not give consumers a right to edit and dictate the terms of reports before they are sent." *Id.* "[A] plaintiff's mere assertion that a report was misleading, or even his proof th[at] a lay person would be misle[]d, is insufficient to establish that a report was misleading and, therefore, inaccurate." *Id.*, *7.

Here, Plaintiff admits that she was an authorized user for the American Express and Bank of America accounts. Doc. 1 ¶¶ 6-7. She further admits that Equifax accurately reported her as an authorized user for those accounts. *Id.* ¶¶ 11-12. Plaintiff apparently believes that Equifax should not have included the accounts in her credit file because she was not a co-obligor. Nothing in the FCRA, however, prohibits consumer reporting agencies from reporting accounts for which the consumer is an authorized user. *See* 15 U.S.C. § 1681c (imposing limitations on the content of consumer reports).

3

If the consumer "fails to satisfy the initial burden of demonstrating inaccuracy, the consumer, as a matter of law, has not established a violation of [the FCRA], and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency."  *Cahlin*, 936 F.2d at 1156; *see also Spence*, 92 F.3d at 382 (affirming summary judgment to § 1681e(b) claim where plaintiff was unable to prove "that the information in question was inaccurate"); *Elsady*, 2010 WL 2740154, *10 (granting summary judgment in FCRA case where plaintiff failed to establish inaccuracy).  Because Plaintiff does not allege that any information in her consumer credit file was inaccurate, she does not state a claim against Equifax under the FCRA.

## CONCLUSION

For the reasons stated, Equifax's Motion for Judgment on the Pleadings should be granted and all claims against Equifax dismissed.

This 29th day of April, 2013.

        Respectfully submitted,

        CLARK HILL PLC

        By: /s/Jordan S. Bolton
        Jordan S. Bolton (P66309)
        500 Woodward Avenue, Ste. 3500
        Detroit, MI  48226-3435
        Tel:  (313) 965-8300
        jbolton@clarkhill.com
        Attys for Equifax Information Services LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

                      Respectfully submitted,

                      CLARK HILL PLC

                      By: /s/Jordan S. Bolton
                      Jordan S. Bolton (P66309)
                      500 Woodward Avenue, Ste. 3500
                      Detroit, MI 48226-3435
                      Tel: (313) 965-8300
                      jbolton@clarkhill.com
                      Attys for Equifax Information Services LLC